**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
California Bar No. 250548
Law Office of Daniel G. Shay
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Phone: 619-222-7429
Fax: 866-431-3292
danielshay@tcpafdcpa.com

**GREENWALD DAVIDSON RADBIL PLLC**
James L. Davidson (to seek admission *pro hac vice*)
Florida Bar No. 723371
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: 561-826-5477
Fax: 561-961-5684
jdavidson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE MORRIS, on behalf of herself and others similarly situated,<br><br>     Plaintiff,<br><br>          v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>     Defendant. | Case No.:  '16CV1026 H    NLS<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED |

1

Class Action Complaint

## NATURE OF THE ACTION

1. This is a class action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, Regulation E, 12 C.F.R. § 1005.10(b), promulgated by the Consumer Financial Protection Bureau ("Regulation E"), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services. The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. Its purpose is to "promote disclosure, prevent fraud," *Burns v. First American Bank,* No. 04 C 7682, 2005 WL 1126904, at *5 (N.D. Ill. April 28, 2005), and to "assure that mortgages, insurance policies and other important obligations are not declared in default due to late payment caused by a system breakdown." *Household Finance Realty Corp. v. Dunlap*, 834 N.Y.S.2d 438, 442 (N.Y. Sup. Ct. 2007) (quoting Senate Rep. No. 95–915 95th Cong., 2d Sess., at 16, reprinted in 1978 U.S. Code Cong. & Admin. News 9403, at 9418).[1]

3. Relevant here, the EFTA provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a).

---

[1]   Regulation E is the implementing regulation for the EFTA.

Class Action Complaint

4. The "provisions related to preauthorized electronic fund transfers were aimed to protect consumers who arrange for regular payments (such as insurance premiums or utility bills) to be deducted automatically from their bank accounts." *See Okocha v. HSBC Bank USA, N.A.*, Civ. No. 08-cv-8650, 2010 WL 5122614, *7 (S.D.N.Y. Dec. 14, 2010) (quoting S. Rep. 95-915, at 15 (1978)). The lack of a written record with regard to recurring transfers agreed to over the phone—and the fact that such transfers are particularly vulnerable to fraud because there is no written memorandum of the transactions and no signature to be authenticated—was one of the factors that motivated Congress to pass the EFTA. *See, e.g.*, *Kashanchi v. Texas Commerce Medical Bank, N.A.*, 703 F.2d 936, 940 (5th Cir. 1983) (citing H.R. Rep. No. 1315, 95th Cong., 2d Sess. 2 (1978)).

5. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6. Among other things, the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

///

3

Class Action Complaint

7. Upon information and belief, Convergent Outsourcing, Inc. ("Defendant") routinely engages in a business practice that violates both the EFTA and the FDCPA. Specifically, in connection with attempts to collect consumer debt, Defendant enters into preauthorized electronic fund transfer agreements with consumers that are not authorized by a writing signed or similarly authenticated by the consumers. And because Defendant does not obtain a signed writing from consumers authorizing the electronic fund transfers, it does not provide a copy of such signed authorization to the consumers from whose accounts it is transferring money.

8. As a result of Defendant's violations of the EFTA and the FDCPA, and pursuant to 15 U.S.C. § 1693m and 15 U.S.C. § 1693k, Florence Morris ("Plaintiff") brings this case as a class action seeking damages for herself and others similarly situated.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), where the events giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

///

///

///

## PARTIES

11.     Plaintiff is a natural person who resides in San Diego County, California. As such, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6), 12 C.F.R. § 1005.2(e) and 15 U.S.C. § 1692a(3).

12.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal debt allegedly owed to Paypal Inc. (the "Debt").

14.     Defendant is a Washington corporation that specializes in business process outsourcing, revenue cycle and receivables management, with its principal offices located at 219 Perimeter Center Parkway NE, Suite 200, Atlanta, GA 30346.

15.     Defendant is an entity that at all relevant times was engaged, by use of the mails, telephone and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.     Upon information and belief, at the time Paypal Inc. hired Defendant to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

///

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. At all relevant times, Plaintiff had a deposit account with San Diego County Credit Union (the "Account").

20. The Account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. §1693a(2).

21. On or about May 18, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.  A true and correct copy of the May 18, 2015 communication to Plaintiff is attached hereto as Exhibit A.

22. The May 18, 2015 written communication advised Plaintiff that she owed a debt to Paypal Inc. in the amount of $2,937.38.

23. The May 18, 2015 written communication further advised Plaintiff that Paypal Inc. was willing to settle the debt for 35% of the amount due if payment was received within 45 days of the date of the letter. *Id.*

///

///

6

Class Action Complaint

24. The May 18, 2015 written communication then encouraged Plaintiff to call Defendant or mail payment to its office if she was "interested in taking advantage of this offer…." *Id.*

25. On or about May 29, 2015, Plaintiff called Defendant in response to the May 18, 2015 written communication.

26. During the call, Defendant solicited from Plaintiff over the telephone information about the Account in order to initiate recurring transfers for payments toward the Debt.

27. Plaintiff and Defendant then agreed, orally, that Defendant would electronically transfer $30.00 from the Account each month for four consecutive months (the "EFT Agreement").

28. Defendant did not obtain from Plaintiff written authorization for the EFT Agreement.  Plaintiff has not authorized, in writing, any of the preauthorized electronic fund transfers from the Account.

29. Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or the preauthorized electronic fund transfers.

30. On or about May 29, 2015, July 1, 2015, August 3, 2015, and September 1, 2015, Defendant transferred $30.00 from the Account, by means other than a transaction originated by check, draft, or similar paper instrument, which, upon information and belief, was initiated through an electronic terminal, telephonic

instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit the Account.

32. Upon information and belief, Defendant has taken electronic fund transfers from the accounts of numerous other consumers throughout California, on regularly scheduled intervals, without written authorization, and without providing a copy of such authorization to those consumers.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals as defined below:

### The EFTA Class

All persons in the state of California who, within one year before the date of this complaint, entered into an agreement with Convergent Outsourcing, Inc. pursuant to which Convergent Outsourcing, Inc. electronically transferred funds from the person's account on a recurring basis where (1) the fund transfers were not made pursuant to a writing signed or similarly authenticated by the person, and/or (2) Convergent Outsourcing, Inc. did not provide to the person a copy of any document which the person signed authorizing the preauthorized electronic fund transfers.

### The FDCPA Class

All persons in the state of California who, within one year before the date of this complaint, and in connection with Convergent Outsourcing, Inc.'s attempts to collect a consumer debt, entered into an agreement with Convergent Outsourcing, Inc. pursuant to which Convergent Outsourcing, Inc. electronically transferred funds from the person's account on a recurring basis where (1) the fund transfers were not made pursuant to a writing signed or similarly authenticated by the person, and/or (2) Convergent Outsourcing, Inc. did not provide to the person a

Class Action Complaint

      copy of any document which the person signed authorizing the preauthorized electronic fund transfers.

Excluded from the Classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns.

33. Upon information and belief, the proposed Classes are so numerous that joinder of all members is impracticable. The exact number of members of the Classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Classes are ascertainable in that, upon information and belief, the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

34. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Like all proposed members of the Classes, Plaintiff entered into an oral preauthorized electronic fund transfer agreement with Defendant that was not authorized by a writing signed or similarly authenticated by Plaintiff.

35. Plaintiff will fairly and adequately protect the interests of the members of the Classes and has retained counsel experienced and competent in class action litigation.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely

impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the Classes to individually redress the wrongs done to them.  There will be little difficulty in the management of this action as a class action.

37.   Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Classes.  Among the issues of law and fact common to the Classes are:

a. Defendant's failure to obtain from Plaintiff and other members of the Classes written authorization to electronically transfer funds on a recurring basis from their bank accounts;

b. Defendant's failure to provide Plaintiff and other members of the Classes with a copy of any document which they signed authorizing the electronic fund transfers.

c. the availability of declaratory relief;

d. the availability of statutory penalties; and

e. the availability of attorneys' fees and costs.

38.   Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

///

10

Class Action Complaint

# COUNT I: VIOLATION OF THE EFTA, 15 U.S.C. § 1693e(a) AND REGULATION E, 12 C.F.R. § 1005.10(b)
## AS TO PLAINTIFF AND THE EFTA CLASS

39. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 - 38.

40. 15 U.S.C. § 1693e(a) provides, in pertinent part:

*A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.*

(emphasis added).

41. 12 C.F.R. § 1005.10(b) provides, in pertinent part:

Written authorization for preauthorized transfers from consumer's account. *Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer*.

(emphasis added).

42. The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

2. Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; *rather, it is the third-party payee that is in violation of the regulation.*

3. Written authorization for preauthorized transfers. *The requirement that preauthorized EFTs be authorized by the consumer "only by a writing" cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer.*

*****

> 6. Requirements of an authorization. *An authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable.*

(emphasis added).

43. The EFT Agreement was not authorized by a writing signed or similarly authenticated by Plaintiff. Rather, Defendant purportedly obtained authorization from Plaintiff verbally, never obtaining a writing from Plaintiff authorizing the preauthorized electronic fund transfers. Further, as there was no signed agreement authorizing the transfers, Defendant never provided a copy of the signed, written agreement to Plaintiff.

44. Thus, Defendant violated 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.10(b).

**COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f
AS TO PLAINTIFFS AND THE FDCPA CLASS**

45. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-38.

46. The FDCPA at 15 U.S.C. §1692 f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

47. By entering into preauthorized electronic fund transfer agreements that violate Plaintiff's and the other FDCPA Class members' rights under the EFTA in the course of collecting consumer debt, Defendant engaged in an unfair or unconscionable means to attempt to collect a debt.

48. Thus, Defendant violated 15 U.S.C. § 1692f.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Adjudging and declaring that Defendant violated 15 U.S.C. § 1693e(a), 15 U.S.C. § 1692f, and Regulation E, and enjoining Defendant from further violations of 15 U.S.C. § 1693e(a) and Regulation E;

b. Awarding Plaintiff and members of the EFTA Class actual damages pursuant to 15 U.S.C. § 1693m and Plaintiff and members of the FDCPA Class actual damages pursuant to 15 U.S.C. § 1693k with regard to the amount of monies collected by Defendant by way of the illegal preauthorized funds transfers;

c. Awarding Plaintiff and members of the EFTA Class statutory damages pursuant to 15 U.S.C. § 1693m;

d. Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

e. Awarding Plaintiff and members of both Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1693m and 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding other and further relief as the Court may deem just and proper.

///

**JURY TRIAL DEMANDED**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: April 26, 2016            LAW OFFICE OF DANIEL G. SHAY

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108

*Counsel for Plaintiff and the proposed class*